## SUGGESTION FOR SUMMONS IN GARNISHMENT

Case No. 4:10-mc-00001

In the Circuit Court of the [ ] City [ ] County of United States District Court, Western District of VA, Danville Division

**JUDGMENT CREDITOR:**
Memorial Hospital of Martinsville
320 Hospital Drive, Martinsville, VA 24112-1900
Telephone No. (276) 666-7200

**JUDGMENT CREDITOR'S ATTORNEY**
B. Page Gravely, Jr.
P.O. Box 72050, Richmond, VA 23255-2050
Telephone No. (804) 967-9604

Suggested Garnishee:
Cleveland DFAS-HGA/CL
P.O. Box 998002, Cleveland, OH 44199-8002

**JUDGMENT DEBTOR:**
Louis Christopher D'Oro, M.D.
705 Clover Lane
Moscow, PA 18444-5139

Social Security No. 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

If garnishee is defendant's employer, please furnish employer's name, and state whether it is a corporation, or one or more persons trading under a fictitious or trade name.

### STATEMENT

$ 68,190.32 Judgment Principal
   0.00 Credits
   2,427.03 Interest to Date
   0.00 Judgment Costs
   0.00 Attorney's Fee
   0.00 Garnishment Costs

$ 70,617.35 Total Balance Due
The garnishee shall rely on this amount.

| ORIGINAL JUDGMENT | |
|---|---|
| DATE OF JUDGMENT | DATE EXECUTION DELIVERED |
| May 20, 2010 | |
| Instrument No. | |

MAXIMUM PORTION OF DISPOSABLE EARNINGS SUBJECT TO GARNISHMENT

[ ] Support (if not specified, then 50%)

[ ] 50% [ ] 55% [ ] 60% [ ] 65% [ ] State Taxes, 100%

If none of the above are checked, then § 34-29(a) applies.

I request the Clerk to summon the Suggested Garnishee to answer this suggestion.
This is a garnishment against [ ] the judgment debtor's wages, salary or other compensation. [ ] some other debt due or property, of the judgment debtor, specifically ..........
I have reason to believe that there is a liability on the suggested garnishee because of the execution of the "ORIGINAL JUDGMENT" described above, which:
[×] involves a business, trade or professional credit transaction entered into on or after *January 1, 1984,*
[ ] does *not* involve a business, trade or professional credit transaction entered into on or after January 1, 1984 *and* the undersigned represents that he has made a diligent good faith effort to secure the social security number of the judgment debtor
    [ ] and had been unable to do so.
I further certify that:
[ ] (1) The summons is based upon a judgment upon which a prior summons has been issued but not fully satisfied; or
[×] (2) No summons has been issued upon this judgment creditor's suggestion against the same judgment debtor within a period of eighteen months, other than a summons which was based upon a judgment upon which a prior summons has been issued but not fully satisfied; or
[ ] (3) The summons is based upon a judgment granted against a debtor upon a debt due or made for necessary food, rent, or shelter, public utilities including telephone service, drugs, or medical care supplied the debtor by the judgment creditor or to one of his lawful dependents, and that it was not for luxuries or nonessentials; or
[ ] (4) The summons is based upon a judgment for a debt due the judgment creditor to refinance a lawful loan made by an authorized lending institution: or
[ ] (5) The summons is based upon a judgment on an obligation incurred as an endorser or comaker upon a lawful note: or
[ ] (6) The summons is based upon a judgment for a debt or debts reaffirmed after bankruptcy.

I hereby certify that the last known address of the defendant is as shown above.

5-13-11
DATE SUBMITTED

B. Pg
[ ] JUDGMENT CREDITOR   [ ] AGENT   [×] ATTORNEY

**WARNING:** Any judgment creditor who knowingly gives false information in a suggestion for Summons in Garnishment shall be guilty of a Class 1 misdemeanor.

FORM CC-1485 REVISED 11/06
VA. CODE § 8.01-511