IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MEMORIAL HOSPITAL OF MARTINSVILLE, | ) ) ) | 4:10MC00001 |
| Plaintiff/Creditor, | ) ) | **MEMORANDUM OPINION** |
| v. | ) ) | |
| LOUIS CHRISTOPHER D'ORO, M.D., | ) ) ) | By: Jackson L. Kiser Senior United States District Judge |
| Defendant/Debtor. | ) | |

Before me is Defendant/Debtor Louis D'Oro, M.D.'s Motion to Quash the Garnishment Summons and Writ of Execution issued to enforce the judgment entered by this Court on May 20th, 2010.  Mot. to Quash, June 24, 2011, ECF No. 9.  Pursuant to Va. Code Ann. §8.01-512.5, the Clerk's Office scheduled a hearing on the motion within seven business days of its filing.  During the intervening time, Plaintiff/Creditor Memorial Hospital of Martinsville submitted a Response.  Creditor's Resp., June 30, 2011, ECF No. 12.  A telephonic hearing was held on July 5th, 2011.  For the reasons explained herein, the Court **GRANTS** the Motion to Quash the Garnishment Summons, but **DENIES** the Motion to Quash the Writ of Execution.

# FACTS

The facts underlying this case involve this Court's confirmation of an arbitration award and entry of judgment upon that award.  On May 19th, 2010, Plaintiff/Creditor Memorial Hospital of Martinsville and Defendant/Debtor Louis D'Oro, M.D., filed a Petition to Confirm an Arbitration Award.  Pet. To Confirm, May 19, 2010, ECF No. 1.  That Arbitration Award ordered the Debtor to pay the Creditor $68,190.32 with interest at the Virginia judgment rate until fully paid.  Arbitration Award, May 19, 2010, ECF No. 1-1.  On May 20th, 2010, the Court

1

confirmed the Arbitration Award and entered judgment upon it.  Judgment, May 20, 2010, ECF No. 2.  About a year later, on May 17th, 2011, this Court issued a Writ of Execution on the judgment.  Writ of Execution, May 17, 2011, ECF No. 6.  That Writ of Execution ordered the Marshal as follows: "You are hereby commanded, that the goods and chattels, lands and tenements in your district belonging to Louis Christopher D'Oro, M.D. you cause to be made and levied…".  Id. (capital letters in original omitted).

Along with the Writ of Execution, the Western District of Virginia Clerk's Office issued a Garnishment Summons on May 17th, 2011.  Garnishment Summons, May 17, 2011, ECF No. 5.  That Garnishment Summons affected the garnishment of the Debtor's wages.  Id.  Interestingly, the Garnishment Summons correctly reflects that the Debtor lives in Pennsylvania, and that the company that pays the Debtor's salary is located in Ohio.  Id.  The Garnishment Summons was served on May 23rd, 2011.  Aff. of Service, June 13, 2011, ECF No. 7.  On June 20th, 2011, the Ohio-based Garnishee submitted its Answer.  Answer, June 20, 2011, ECF No. 8.

Four days later, on June 24th, the Debtor filed a Motion to Quash the Writ of Execution and Garnishment Summons.  Mot. to Quash 1.  In support of the motion, the Debtor argues that the Garnishee is subject to the Consumer Credit Protection Act, which requires the Garnishee to comply with state garnishment restrictions that are more protective of the Debtor than the Act's provisions.  Id. at 2.  The motion indicates that the Debtor resides in Pennsylvania and both earns his salary and is paid his salary in the Keystone State.  Id. at 1.  The Pennsylvania Code is far more generous to the Debtor than Virginia law and exempts personal earnings from garnishment save in a few narrow circumstances, none of which is applicable here.  Compare 42 Pa.C.S.A. §8127 with Va. Code Ann. § 34-29.  The Garnishee is currently withholding a quarter of the Debtor's net earnings, as authorized by Va. Code Ann. §34-29(a)(1).  Submitting that

Pennsylvania law applies in this case, the Debtor seeks to quash the Writ of Execution and the Garnishment Summons, thereby reliving the Garnishee of its obligation to withhold a portion of the Debtor's wages.

On June 30th, 2011, the Creditor filed a Response Brief.  In that Response, the Creditor implies that because this Court had personal jurisdiction over the Debtor for the purposes of entering judgment, this Court also has the power to levy and garnish pursuant to that judgment anywhere in the nation.  Creditor's Resp. 2-3.  In support of the proposition that wages earned by a Pennsylvania resident can be attached in another state where that state's laws allow, the Creditor cites a number of cases from the mid to late nineteenth century.  Id. at 3-4 (citing Bolton v. Pennsylvania Co., 88 Pa. 261 (Pa. 1879) and Morgan v. Neville, 74 Pa. 52 (Pa. 1873)).  Based on the premise that this Court can authorize the levying and garnishment of property sitting anywhere in the United States, the Creditor, like the Debtor, submits that the issue in this case is a conflict of laws problem.  Creditor's Resp. 5-6.  The Creditor argues that Virginia law applies and thus the twenty-five percent withholding from the Debtor's paycheck is proper.  Id. at 6-8.

## APPLICABLE LAW

Fed. R. Civ. P. 69(a) provides that, unless a federal statute applies, state law governs execution and garnishment procedures.  Pursuant to Va. Code Ann. §8.01-477, a debtor may move to quash a writ of execution or garnishment summons in the issuing court.  All Virginia garnishment summonses must notify the debtor of the procedure to claim an exemption.  Va. Code Ann. §8.01-512.4.  Once the debtor makes a claim of exemption, the issuing court must hold a hearing to determine the validity of the claim within seven business days.  Va. Code Ann. §8.01-512.5.

## ANALYSIS

To clarify matters at the outset, the issue in this case is not which state's law applies or whether this Court continues to have personal jurisdiction over the debtor. As the Creditor pointed out in the telephonic hearing, the arbitration was conducted in Virginia, the contract upon which the dispute arose was entered into in Virginia, and a U.S. District Court in Virginia confirmed the award and entered judgment upon it. 9 U.S.C. §9 (setting out the proper jurisdiction and venue in which to petition a U.S. District Court for confirmation of an arbitration award). This Court then issued a Writ of Execution and a Garnishment Summons, which it certainly had the power to do. Smith v. Lorillard, Inc., 945 F.2d 745, 745-46 (4th Cir. 1991). Many states consider garnishment proceedings to be an ancillary event within the same action out of which the judgment arose. See, e.g., S.C. R. Civ. P. 69; Sampson Cnty. Child Support Enforcement Agency ex rel. Bolton v. Bolton, 377 S.E.2d 88, 91 (N.C.App. 1989). Under Virginia law, by contrast, garnishment is a separate proceeding entirely. Marcus, Santoro & Kozak, P.C. v. Hung-Lin Wu, 652 S.E.2d 777, 783 (Va. 2007). Nonetheless, it has been held that the two actions are so closely related that, having established personal jurisdiction over the debtor for the purposes of judgment, there is no need to re-establish personal jurisdiction for the purposes of enforcement, including garnishment. Xyrous Commc'ns, LLC v. Bulgarian Telecomm. Co. AD, 1:09-cv-396, 2009 WL 2877084, at *5 (E.D.Va. Sept. 4, 2009). Likewise, where the creditor domesticates the judgment in a foreign jurisdiction for the purposes of enforcement, the creditor will not be required to re-establish personal jurisdiction. Smith, 945 F.2d at 746.

The issue in this case, however, is not whether this Court retains personal jurisdiction over the Debtor. Neither does this case present a choice of law issue. Instead, the issue here is

4

one of enforcement procedure. Nevertheless, in its choice of law argument the Creditor correctly pointed out that the law of the forum has traditionally applied to the execution of a judgment. Creditor's Resp. 2; Clark v. Wilbur, 913 F.Supp. 463, 467 (S.D.W.Va. 1996); Marine Midland Bank v. Surfbelt, Inc., 532 F.Supp. 728, 729 (W.D.Pa. 1982). In coming to this Court to seek execution upon the assets of a Debtor living and working in the Middle District of Pennsylvania and garnishment upon a Garnishee located in the Northern District of Ohio, the Creditor has not followed the proper enforcement procedure. As such, the law of the forum rule does not automatically trigger the application of Virginia law here. Condaire, Inc. v. Allied Piping, Inc., 286 F.3d 353, 357 (6th Cir. 2002) ("judgments registered pursuant to 28 U.S.C. §1963 must be enforced in accordance with the laws of the registering state").

  The Creditor submits that because the Department of Veterans Affairs has hospitals in the Western District of Virginia, this Court is able to execute upon and garnish any wages paid by the VA, regardless of where the Debtor earns those wages. Creditor's Resp. 5. Nationwide execution, however, is the exception, not the rule, even in federal court. 12 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3013 n.2 (2d ed. 1997). The focus with execution and garnishment has always been the situs of the property to be levied upon or the wages to be garnished. See, e.g., In re Pennington, 47 B.R. 322, 327 (Bankr. E.D.Va. 1985) (focusing on the situs of accounts receivable to determine whether a Virginian writ of execution effectively created a lien covering those Maryland accounts); Commentary on 1988 Revision of 28 U.S.C. §1963 (statute allowing judgment of a District Court to be registered in another District is to be used "when the judgment can't be satisfied in the rendering district for want of local property of the defendant"). As previously noted, the Writ of Execution issued in this case ordered the Marshal's Service to levy upon property located in the Western District of

Virginia. Writ of Execution 1. But see Fed. R. Civ. P. 4.1(a) (authorizing the Marshal's Service to serve any process other than a summons or a subpoena anywhere within the territorial limits of state in which the District Court sits); 12 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3013 (2d ed. 1997) (applying Rule 4.1 to writs of execution). For intangibles such as wages, the lien created by the writ extends throughout the commonwealth. Fed. R. Civ. P. 69(a) ("[t]he procedure on execution…must accord with the procedure of the state where the court is located…"); Va. Code Ann. §8.01-481 ("as to property not capable of being levied on the lien shall extend throughout the limits of the Commonwealth"). To be certain, then, the Writ of Execution issued in the case at bar is effective as to the Debtor's wages only insofar as those wages are located in the Commonwealth of Virginia.

In order to compel a garnishee to withhold a debtor's wages, both a writ of execution and a garnishment summons are needed. Va. Code Ann. §8.01-503; Hung-Lin Wu, 652 S.E.2d at 783 ("A garnishment summons does not create a lien itself, but, instead, is a means of enforcing the lien of an execution placed in the hands of an officer to be levied") (internal quotation marks and citing references omitted); Int'l Fidelity Ins. Co. v. Ashland Lumber Co., Inc., 463 S.E.2d 664, 666 (Va. 1995) ("a garnishment of funds or other intangible property cannot proceed without a valid lien on that property by writ of fieri facias"). The Garnishment Summons issued in this case was meant to enforce the Writ of Execution issued the same day. A garnishment summons is therefore only enforceable within the territorial limits of the writ of execution it accompanies. Because the Writ of Execution at issue here only extends to the commonwealth's territorial boundaries, it is an ineffective basis for the garnishment of wages paid by an Ohio garnishee to a Debtor living and working in Pennsylvania.

A few state appellate courts have examined arguments similar to the one the Creditor is making in this case—that because the VA has hospitals all over the country, it is subject to garnishment nationwide. The majority of courts that have considered the argument have rejected it. In Livingston v. Naylor, the Maryland Court of Special Appeals considered the case of a debtor against whom a creditor had obtained a judgment in North Carolina. Livingston v. Naylor, 920 A.2d 34, 36-37 (Md.App. 2007). After domesticating the judgment in Maryland, the creditor sought to garnish the wages of the debtor, who lived in North Carolina and worked at a Marriott hotel in that state. Id. at 41-42. The creditor reasoned that because Marriott is located throughout the country, the garnishment could be affected in any jurisdiction in which Marriott was found. Id. at 52-53. Maryland's intermediate appellate court rejected this argument, holding that the Maryland garnishment could only reach property of the debtor located in Maryland. Id. at 53. Specifically, the Court of Special Appeals noted that the Maryland garnishment was ineffective as against wages the debtor earned for services rendered totally outside Maryland, regardless of the fact that Marriott is present in Maryland and subject to the jurisdiction of that state's courts. Id. The appellate courts of Georgia, Arizona, and Indiana have reached similar conclusions. Ferguson v. Ferguson, 634 N.E.2d 506, 508-09 (Ind.App. 1994); Polacke v. Super. Ct. In and For Cnty. of Maricopa, 823 P.2d 84, 90-91 (Ariz.App. 1991); Williamson v. Williamson, 275 S.E.2d 42, 46 (Ga. 1981). But see Koehler v. Bank of Bermuda Ltd., 911 N.E.2d 825, 831 (N.Y. 2009) (in a four to three decision with a vigorous dissent, New York's highest court held that "a New York court with personal jurisdiction over a defendant may order him to turn over out-of-state property," in this case stock certificates, "regardless of whether the defendant is a judgment debtor or a garnishee").

The Creditor also points out that "Congress has authorized the garnishment of the wages of federal employees under 5 U.S.C. §5520a" and that the Debtor worked at a Veterans Affairs hospital in Virginia before moving to a VA hospital in Pennsylvania.  Creditor's Resp. 5.  The statute to which the Creditor alludes, however, does not change the analysis here, as that law provides that subject to the Consumer Credit Protection Act, "pay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person."  5 U.S.C. §5520a.  The Creditor also cites one case from within the last half-century, Austin v. Westinghouse Elec. Corp., 59 Pa. D.&C.2d 178 (Pa. D.&C. Ct. 1972), for the proposition that

> if a valid judgment is obtained against an employee who would normally have the benefit of the [prior Pennsylvania garnishment protection statute] but in a foreign jurisdiction and to then attach wages in the hands of the employer *in that jurisdiction*…the Pennsylvania employee may not set up the [prior Pennsylvania garnishment protection statute] to prevent the collection of the money.

Id. at 181 (emphasis added).  "In that jurisdiction" in the context presented in the case at bar would mean Virginia.  The Creditor here is not seeking to attach Virginia wages, however, making the Austin case of little help to the Creditor.

As at least one court has recently recognized, determining the exact situs of wages payable is quite difficult in the age of direct deposit.  Livingston, 920 A.2d at 51-52.  It is generally the law, however, that intangibles, such as wages, are located where their owner is located.  Id. at 52 (citing Delaware v. New York, 507 U.S. 490, 498 (1993) and Rush v. Savchuk, 444 U.S. 320, 330 (1980)).  It has therefore been held that the locus of wages payable is "the state in which [the debtor] rendered the labor that gave rise to [the garnishee's] obligation to pay wages."  Id. at 53.

Again, this case is not about personal jurisdiction, rather it is about procedure and the territorial limits of the writs this Court issues.  As discussed above, this Court cannot effectively issue writs to the Marshal's Service outside of Virginia.  The proper procedure for the parties in this case to follow is set forth at 28 U.S.C. §1963, which is roughly the federal equivalent of the Uniform Enforcement of Foreign Judgments Act.  Compare 28 U.S.C. §1963 with Va. Code Ann. §8.01-465.1 et seq.  Under §1963, the Creditor must domesticate the judgment entered by this Court in the Clerk's Office in the District in which the Debtor's wages payable are located.  Fed. R. Civ. P. 69(a) provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  The Creditor should therefore look to the law of the state in which the judgment is being domesticated for further guidance on procedure.  Condaire, Inc., 286 F.3d at 357.  Once domestication is accomplished, the judgment may be enforced in the District where the Debtor's wages are located in the same manner as if it were a judgment issued by the District Court in that District.  28 U.S.C. §1963; Fed. R. Civ. P. 69(a).  At that point, the Creditor should seek both a writ of execution and a garnishment summons from the District of domestication.  This process will allow the Creditor to garnish whatever portion of the Debtor's wages the domestication state's law permits.  Condaire, Inc., 286 F.3d at 357.

## **CONCLUSION**

Because the Debtor's wages are not located in Virginia and therefore a garnishment summons issued by this Court is ineffective to garnish them, the Debtor's Motion to Quash the Garnishment is **GRANTED**.  It is possible, however, that the Debtor has some property located in Virginia.  As such, the Motion to Quash the Writ of Execution is **DENIED**.

ENTERED this 8th day of July, 2011.

                                            s/Jackson L. Kiser
                                            Senior United States District Judge